| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | |
| 3 | MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division |
| 4 | MATTHEW CHANG (CABN 348765)<br>Assistant United States Attorney |
| 5 | |
| 6 | 150 Almaden Boulevard, Suite 900<br>San Jose, California 95113<br>Telephone: (408) 535-5037 |
| 7 | Matthew.Chang2@usdoj.gov |
| 8 | Attorneys for United States of America |

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 2 0 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America, | | 1:15-CR-00125-RC-1 |
| | Plaintiff, | REVOCATION DISPOSITION AGREEMENT |
| vs. | | |
| Matthew Johns, | | |
| | Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. This is a revocation of:

    ☑ supervised release

    ☐ probation

2. The defendant will admit to <u>Allegation 1</u> in the <u>Superseding Petition.</u> Allegation 1 is a <u>Grade C</u> violation. As a result, the defendant's supervised release will be revoked. The government agrees to dismiss at disposition any remaining allegation(s) in the petition, if the defendant is sentenced in accordance with this agreement.

3. The parties agree that the defendant will be sentenced to:

    ☐ A period of incarceration not lower than the bottom, and not to exceed the middle of the applicable guideline range under U.S.S.G. § 7B1.4(a) (Revocation Table), to wit: _____ months;

☐ A period of incarceration not lower than the middle, and not to exceed the top of the applicable guideline range under U.S.S.G. § 7B1.4(a) (Revocation Table), to wit: _____ months;

☑ ___14___ months incarceration;

☐ Other: _____

4. This sentence will be followed by:

☐ An additional term of ____ months of supervised release

☐ An additional term of supervised release with the length to be determined by the Court

☑ No additional term of supervised release

☐ Whether to impose any term of supervised release is to be determined by the Court (no agreement by the parties)

If the defendant is sentenced to a term of probation or supervised release, the defendant agrees to comply with the previously imposed conditions and any others the probation department or court deems appropriate.

☐ In addition, the defendant shall reside in a residential program for up to 180 days, unless discharged earlier by the probation officer. Placement may include, singularly or in any combination, a residential re-entry center (RRC), drug-free sober living environment, inpatient drug treatment facility or halfway house.

☐ In addition, the following additional condition(s) shall be imposed: ___

_____

5. Consecutive/Concurrent sentences:

☐ There is no agreement regarding consecutive or concurrent sentences

☑ The issue is not applicable in this case

☐ The government agrees that it will not take a position whether this sentence should be concurrent or consecutive to another sentence.

6. Statutory and Guideline Provisions:

a) Penalties applicable for defendant's <u>original</u> offense:

1) Criminal History – <u>VI</u>

2) Guideline Range – <u>77-96 months</u>

    3) Statutory Maximum Incarceration – <u>2 years (Class C/D)</u>

    4) Maximum Supervised Release – <u>3 years</u>

  b) U.S.S.G. § 7B1.4, the Terms of Imprisonment (Policy Statement) provides: Revocation Table (In months of imprisonment)

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

Grade A (1) *Except* as provided in subdivision (2) below:

   12-18 15-21 18-24 24-30 30-37 33-41

(2) Where a defendant was on probation or supervised release <u>as a result of a Class A felony</u>:

   24-30 27-33 30-37 37-46 46-57 51-63

  c) For <u>probation</u> violations, the defendant, upon revocation of probation, may be re-sentenced to any term of imprisonment not to exceed statutory maximum of the original offense of conviction. (18 U.S.C. § 3565 (a)(2))

  d) For <u>supervised release</u> violations, the maximum imprisonment upon revocation of supervised release (pursuant to 18 U.S.C. § 3583 (e)(3)) is:

   ☐ Class A felony - 5 years ☑ Class C or D felony - 2 years

   ☐ Class B felony - 3 years ☐ Any other case - 1 year

The maximum supervised release following any term of imprisonment upon revocation of supervised release shall not exceed the maximum supervised release for the underlying offense, less any term of imprisonment that was imposed upon revocation. (18 U.S.C. § 3583(h))

7. Waiver of Appeal & Collateral Attacks - The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or petition to revoke, or to the Court's entry of judgment and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of

1  judgment against defendant; (2) any right to appeal the imposition of sentence upon
2  defendant; and (3) any right to collaterally attack defendant's conviction and sentence in a
3  habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule. If the
4  defendant files a notice of appeal or any habeas petition, notwithstanding this agreement,
5  the defendant agrees that, upon motion of the government, this case shall be remanded to
6  the district court to determine whether defendant is in breach of this agreement and, if so,
7  to permit the United States to withdraw from this disposition agreement. This waiver shall
8  not be construed to bar a claim by the defendant of ineffective assistance of counsel or of
9  "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-
10  01 (2015)). Nor shall this waiver bar the defendant from filing a motion for compassionate
11  release under 18 U.S.C. § 3582(c)(1)(A) and appealing the denial of such a motion.

12  8.  The defendant understands the government's obligation to provide all information
13  in its file regarding the defendant to the United States Probation Office. The defendant
14  fully understands and agrees to cooperate fully with the United States Probation Office in
15  providing all information requested by the probation officer.

16  9.  I understand all of the provisions of this agreement. This written disposition
17  agreement contains all the terms and conditions of my agreement, and any promises made
18  by anyone (including my attorney) that are not contained within this written agreement are
19  without effect and are void.

21  12-19-24                    [signature] for Mr. Johns with permission
    Date                        Defendant

23  10.  I have discussed this case and the written agreement with my client in detail, and
24  have translated it for my client if my client does not speak English. No assurances,
25  promises, or representations have been given to me or my client by the government or by
26  any of its representatives which are not contained in this written agreement. I concur in
27  the entry of the agreement as indicated above and agree that the terms and conditions set
28  forth in this agreement are in the best interests of my client.

- 4 -

12-19-24
Date

_____
Attorney for the Defendant

11. I have reviewed this matter and the agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

_____
Date

ISMAIL J. RAMSEY
United States Attorney
Northern District of California

Matthew Chang
Digitally signed by Matthew Chang
Date: 2024.12.19 09:53:09 -08'00'

Assistant U.S. Attorney